# IN THE COURT OF APPEALS OF IOWA

No. 21-1608
Filed February 16, 2022

**IN THE INTEREST OF G.R.,**
**Minor Child,**

**M.R., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon,

District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Mary M. Lauver of Lauver Law, Lake City, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee.

Mallory Bartlett of Bartlett Law, Waukee, attorney and guardian ad litem for

minor child.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child born in 2016.[1]  He contends (1) the State failed to prove the ground for termination cited by the district court; (2) the State failed to make reasonable efforts toward reunification; and (3) termination was not in the child's best interests.

**I.    *Ground for Termination***

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2021), which requires proof of several elements, including proof the child cannot be returned to parental custody.  Our de novo review of the record reveals the following facts.

The parents used methamphetamine and marijuana.  The department of human services intervened after the child "was found in the cold temperatures wandering through the neighborhood in only a diaper."  The mother was "asleep in the home," which was "[un]inhabitable," and the father "was incarcerated."  The district court ordered the child removed and later adjudicated him in need of assistance.

The father remained incarcerated at the time of adjudication but was discharged later the same year.  He and the mother were allowed a nearly two-month trial home visit with the child.  The visit ended when the parents refused drug tests.

The father continued to refuse regular drug testing.  The State petitioned to terminate parental rights.  The district court denied the petition based on the

---

[1] The mother's parental rights were also terminated.  She did not appeal.

mother's progress and granted her a six-month extension to work toward reunification. The court characterized the father as "a lucky beneficiary" of the mother's extension. While the court predicted the father had "much further to go before he [could] be reunited" with the child, the court found it inappropriate "to terminate the parental rights of one parent and not the other."

The father failed to take advantage of the additional time. The State filed another petition to terminate parental rights. After the filing and less than two months before the termination hearing, the father underwent a substance-abuse evaluation that included a drug test. He tested positive for methamphetamine and marijuana. The evaluator recommended "clinically managed high intensity residential treatment." The father admitted he did not follow the recommendation. In his words, "I went to outpatient treatment because after one UA, I don't believe I need inpatient treatment." He conceded he only began outpatient treatment in the month preceding the termination hearing.

At the termination hearing, the child's mother testified to concerns that the father was currently under the influence of methamphetamine. And the father testified, "I am homeless." Under these circumstances, we agree the child could not be returned to the father's custody.

## II. Reasonable Efforts

The department has an obligation to make reasonable efforts toward reunification of parent and child. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The father contends the department failed to satisfy its obligation when it afforded joint mother/father/child visits rather than separate visits with the child. He cites a

domestic abuse protective order he obtained against the mother and the "added stress" of having to face her during the visits.

The case manager testified there had "been periods of time where [the agency] separated the visits because of" the father and mother's inability to get along or the father's refusal "to have visits where [the mother was] present." She explained visits had "more recently" been joint due to contract changes, which authorized the department to "only offer a certain amount of visits per month." She noted "the no contact order put in place by [the father] was dropped" after about a week. We conclude the department satisfied its reasonable-efforts mandate notwithstanding its inability to grant the father separate visits throughout the proceedings, particularly where the department offered a variety of reunification services over a period of thirty months and the father declined most of them.

### III.    Best Interests

Termination must serve the child's best interests. Iowa Code § 232.116(2). The father argues he "is clearly bonded with his son" and the son's inability to see him twice a week "would be very traumatizing and not in his best interest." The father's argument implicates an exception to termination rather than the statutory best-interests standard. *See id.* § 232.116(3)(c). Nonetheless, we will address the issue in both contexts.

The case manager stated there was "minimal interaction" during visits and the father "sle[pt] through the majority of the interactions." She opined termination was in the child's best interests. In a report to the court, the department reported it had "seen little to no progress" since the previous termination hearing. We

conclude termination was in the child's best interests and the court appropriately declined to grant an exception to termination based on the parent-child bond.

We affirm the termination of the father's parental rights to the child.

**AFFIRMED.**